UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

-vs-                  **Case No. 13-C-1304**
                          (Criminal Case No. 10-Cr-121)

**RONALD L. JOHNSON,**

    Movant.

# ORDER

This Order addresses Movant Ronald L. Johnson's ("Johnson") motions for leave to file an amended reply and to amend/correct the amended response brief he filed in this action pursuant to 28 U.S.C. § 2255 to vacate, correct or set aside his sentence. (ECF Nos. 17 & 18.)

**Amended Reply and Amendment Thereof**

Johnson indicates that with the assistance of an inmate he has prepared an amended reply brief that repairs the "convoluted" nature of his prior piecemeal filings and dismisses claims or subclaims he believes lack merit. (Mot. Am. 3.) In the exercise of its discretion, the Court grants the motion and will direct the Clerk of Court to file Johnson's proposed amended brief and the attached exhibits (ECF Nos. 16-1 through 16-5). Those documents will be considered in place of Johnson's earlier reply brief

and related papers.

Although Johnson's amended reply brief states that he voluntarily withdraws his speedy trial claim (citing pages 7-M through 7-N of the § 2255 motion) and any challenge to the career offender sentence he received (citing ground four and page 7-L of the § 2255 motion) (Am. Br. 41), his subsequent motion to amend/correct states that he wants to pursue his career offender sentencing challenge, which he amends to include reliance on the Supreme Court's June 25, 2015, decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* holds that the residual clause[1] of the Armed Career Criminal Act of 1984, which provides for a more severe punishment for a defendant convicted of being a felon in possession of a firearm if the defendant has three or more previous convictions for a "violent felony," is unconstitutionally vague.

Review of Johnson's § 2255 motion establishes that the only speedy trial claim is raised in the context of his ineffective assistance of counsel claims; that is, he contends that trial counsel was ineffective because he did not obtain a "with prejudice" dismissal of the original indictment based on the speedy trial violation (Mot.7-L) and that appellate counsel was

---

[1] The "residual clause" defines a violent felony as including any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

ineffective because he did not argue that the "without prejudice" speedy trial dismissal violated Johnson's rights (*Id.* at 7). Johnson's proposed withdrawal of those portions of his ineffective assistance of counsel claims is granted. Those portions of Johnson's ineffective assistance of counsel claims regarding his speedy trial rights are dismissed from the action.

Ground four of Johnson's § 2255 motion, the career criminal sentencing claim, remains in the case and includes *Johnson,* 135 S. Ct. 2551. Given Johnson's reliance on the Supreme Court's recent (and coincidently named) *Johnson* decision, the Court will require the Government to supplement its brief to address Johnson's amended career criminal sentencing challenge. Johnson will have an opportunity to file a supplemental brief in reply thereto.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Johnson's motion for leave to file an amended reply (ECF No. 16) is **GRANTED**;

The Clerk of Court is **DIRECTED TO FILE** Johnson's proposed amended brief and the attached exhibits (ECF Nos. 16-1 through 16-5). Those documents will be considered in lieu of Johnson's earlier reply brief and related papers;

Johnson's request to withdraw that portion of his ineffective assistance of counsel claims regarding his speedy trial rights is **GRANTED,** and those matters are **DISMISSED** from this action;

Johnson's motion to amend/correct his proposed amended brief in response (ECF No. 18) is **GRANTED**;

**On or before August 17, 2015,** the Government **MUST** supplement its brief to address Johnson's amended career criminal sentencing challenge.

**On or before August 31, 2015,** Johnson **MAY** file a supplemental brief in reply thereo.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2015.

>BY THE COURT:
>
>_____
>**HON. RUDOLPH T. RANDA**
>**U.S. District Judge**

- 4 -

Case 2:13-cv-01304-LA   Filed 07/31/15   Page 4 of 4   Document 19